SLT:MEL
F. #2015R01440/OCDETF#NYE-NY-7645

FILED
CLERK
2015 OCT 14 PM 1:00
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

BLOCK, J.

POLLAK, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JAIME CIRO DIAZ ROSERO and
PEDRO OLMEDO DIAZ ROSERO,

   Defendants.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR 15 518

(T. 21, U.S.C., §§ 853(a), 853(p), 959(c),
960(b)(1)(B)(ii) and 963; T. 18, U.S.C.,
§§ 3238 and 3551 et seq.)

THE GRAND JURY CHARGES:

### INTERNATIONAL COCAINE MANUFACTURING AND DISTRIBUTION CONSPIRACY

1.  In or about and between January 2006 and December 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants JAIME CIRO DIAZ ROSERO and PEDRO OLMEDO DIAZ ROSERO, together with others, did knowingly and intentionally conspire to manufacture and distribute a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their own

conduct, and the conduct of other conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 959(c) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*Robert Hoffman*
FOREPERSON

*Kelly T. Currie*
KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2015R01440/OCDETF #NYNYE-764
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

JAIME CIRO DIAZ ROSERO and PEDRO OLMEDO DIAZ ROSERO,

Defendants.

## INDICTMENT
( T. 21, U.S.C., §§ 853(a), 853(p), 959(c), 960(b)(1)(B)(ii) and 963; T. 18, U.S.C., §§ 3238 and 3551 et seq.)

*A true bill.*

_____ *Robert Heffernan* _____

*Foreperson*

*Filed in open court this* _____ *day of* _____
_____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Margaret Lee, Assistant U.S. Attorney (718) 254-6205*